**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EAST COAST ADVANCED PLASTIC SURGERY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF TEXAS and EASTERN CONCRETE MATERIALS, INC.,<br><br>Defendants. | Civil Action No.<br><br>19-6175 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff East Coast Advanced Plastic Surgery's motion to remand this action to the Superior Court of New Jersey, Law Division, Morris County. (ECF Nos. 4, 6). Defendant Eastern Concrete Materials, Inc. ("Eastern Concrete") opposes the motion. (ECF No. 5). The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. The Court heard oral argument on the motion on June 3, 2019. Having considered the parties' submissions and argument, and for good cause shown, the Court recommends that the motion to remand be **GRANTED**.

## I. BACKGROUND

Plaintiff is a private healthcare services provider with an office located in Denville, New Jersey. (Compl. ¶ 1, ECF No. 1-1). Defendant Eastern Concrete sponsors and administers a self-insured health plan through which it provided benefits to its employee "R.B." (*Id.* ¶¶ 8, 15). Defendant Blue Cross Blue Shield of Texas ("BCBSTX") is the claims administrator for Eastern Concrete's health plan. (*Id.* ¶ 4). Plaintiff alleges that at all relevant times, it was a "non-

participating or out-of-network provider that rendered medically-necessary services" to R.B. (*Id.* ¶ 13). Specifically, on July 23, 2015, November 24, 2015, May 13, 2016, and October 24, 2016, R.B. underwent mastectomy, breast reconstruction, and cyst removal surgeries. (*Id.* ¶¶ 17, 31, 38, 45). Plaintiff asserts that it contacted BCBSTX by telephone prior to each surgery to request pre-authorization, and each time BCBSTX advised that "there was no authorization or precertification required" in order to be paid the usual, customary, and reasonable rates for medical services it provided to R.B. (*Id.* ¶¶ 16, 24, 30, 37, 44). Plaintiff alleges that it relied on what it characterizes as BCBSTX's pre-surgery approvals to its detriment, ultimately billing a total of $364,132.77 for the surgeries, of which defendants paid $1,353.23. (*Id.* ¶¶ 50-51).

On January 4, 2019, plaintiff filed suit in the Superior Court of New Jersey, Law Division, Morris County asserting claims for promissory estoppel and unjust enrichment. The complaint specifically states that plaintiff's claims arise under state law, and not under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, or any other federal law. (*Id.* ¶ 10). With the consent of BCBSTX, Eastern Concrete removed the action to this Court on February 19, 2019, arguing that plaintiff's state law claims for recovery of benefits are completely preempted by ERISA. (Notice of Removal ¶¶ 4-12, ECF No. 1). Plaintiff timely filed the instant motion to remand on March 21, 2019. (ECF No. 4).

## II.   ANALYSIS

### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, defendant as the removing party bears the burden

2

of demonstrating that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

The district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law where the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983). In certain cases, however, a complaint that presents only state law claims and no other bases for federal jurisdiction may nonetheless be removed to federal court pursuant to the doctrine of complete preemption. *See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)). Complete preemption "recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)); *see N.J. Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) ("[C]omplete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." (quotation omitted)); *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000).

"ERISA's civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' and permits removal."

3

*N.J. Carpenters*, 760 F.3d at 303 (quoting *Davila*, 542 U.S. at 209). In analyzing whether plaintiff's state law claims are completely preempted by ERISA, the Court applies the two-pronged *Pascack* test to determine whether: "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *Id.*; *Pascack*, 388 F.3d at 400. With respect to the first prong of the *Pascack* test – whether plaintiff could have brought its claim pursuant to ERISA – the court considers: "1(a) whether the plaintiff is the *type* of party that can bring a claim pursuant to Section 502(a)(1)(B), and 1(b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B)." *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. A. No. 17-536 (KM), 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017).

With respect to *Pascack*'s second prong, "a legal duty is 'independent' if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" *N.J. Carpenters*, 760 F.3d at 303 (quoting *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009)). As the *Pascack* test is "conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied." *Id.*

### B.     *Pascack* Test Prong 1

#### 1.     Type of Party

First, the Court considers whether plaintiff is the type of party that can bring a claim under § 502(a)(1)(B). That section provides that a "participant or beneficiary" may bring a claim pursuant to ERISA. 29 U.S.C. § 1132(a)(1). A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be

4

eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). The parties do not dispute, and the Court agrees, that plaintiff is neither a participant in the health plan administered by BCBSTX nor a beneficiary thereof.

Instead, defendant Eastern Concrete argues that plaintiff obtained standing by way of an assignment of benefits from R.B. *See North Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) ("Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary."). Defendant provided the Court with a copy of a health insurance claim form plaintiff submitted to BCBSTX on behalf of R.B., which provides in fine print that the insured authorizes payment of medical benefits to plaintiff. *See* Opposition Br., Ex. 1, ECF No. 5. However, at the Court's direction, defendant also provided a copy of the health plan at issue; it states in plain language:

> Rights and benefits under the Plan shall not be assignable, either before or after services and supplies are provided. In the absence of a written agreement with a Provider, the Claim Administrator reserves the right to make benefit payments to the Provider or the Employee, as the Claim Administrator elects. Payment to either party discharges the Plan's responsibility to the Employee or Dependents for benefits available under the Plan.

BCBSTX Plan Summary at 67, ECF No. 10.

Courts in this district have recognized that an anti-assignment provision in an ERISA plan is relevant to the issue of ERISA preemption under *Pascack* and may act to defeat removal jurisdiction. *See, e.g., Progressive Spine*, 2017 WL 4011203, at *6. As such, an anti-assignment clause may be considered in the context of a motion to remand. *Progressive Spine* is instructive. In that case, the defendant insurance company argued that *Pascack* merely asks "whether the plaintiff is the *type* of party that *can* assert standing" and not whether "this *particular* assignment

5

is valid *under the terms of the ... Plan.*" *Id.* The Court rejected this reasoning and instead adopted the Second Circuit's position that the validity of an assignment in the face of an anti-assignment provision in an ERISA plan appropriately factors into the preemption analysis, noting that "'[i]f we were to ignore that the health care plan prohibits an assignment to [the provider] in determining whether his claim is preempted, this would lead to a result that is both unjust and anomalous: [the provider] would be barred from pursuing state-law claims in state court on preemption grounds and from pursuing an ERISA claim in federal court for lack of standing.'" *Id.* (quoting *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 148 (2d Cir. 2017)). *See Glastein v. CareFirst Blue Cross Blue Shield*, Civ. A. No. 18-9664 (BRM), 2019 WL 1397488, at *6-7 (D.N.J. Mar. 28, 2019) (rejecting defendant's argument that the court "should ignore the anti-assignment provision for jurisdictional purposes and postpone decision on the validity of the Patient's purported assignment until later in the litigation" and remanding action to state court because "the Patient's health insurance contained such an anti-assignment clause, prohibiting the Patient from assigning to a third party any of the Patient's benefits under the plan. Accordingly, the Patient could not validly assign benefits to Dr. Glastein, who therefore may not bring an ERISA claim for those benefits"); *Small v. Anthem Blue Cross Blue Shield*, Civ. A. No. 18-399 (JMV), 2019 WL 1220322, at *2-3 (D.N.J. Mar. 15, 2019); *Advanced Orthopedics & Sports Med. Inst. v. Blue Cross Blue Shield of N.J.*, Civ. A. No. 17-11807 (BRM), 2018 WL 3630131, at *4 (D.N.J. July 31, 2018).

Here, the plan, in no uncertain terms, bars R.B. from assigning any rights or benefits to plaintiff. Defense counsel acknowledged at oral argument that the above-quoted plan language indeed constitutes an anti-assignment provision. Neither party has suggested that the language of the anti-assignment provision is ambiguous, invalid, or otherwise unenforceable. Moreover, the

Third Circuit confirmed that such anti-assignment provisions are generally enforceable. *Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 453 (3d Cir. 2018). Thus, any attempted assignment of benefits by R.B. to plaintiff is void under the terms of the plan. Plaintiff did not obtain derivative standing such that it could have brought an ERISA claim under § 502, and this element of the *Pascack* test is not satisfied.

## 2. Colorable Claim for Benefits

Next, the Court considers whether the complaint sets forth a colorable claim for benefits under § 502(a). Section 502(a) empowers a participant or beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Where a plaintiff "does not challenge the type, scope or provision of benefits under [an ERISA] healthcare plan" and "only asserts its right as a third-party provider to be reimbursed for pre-authorized medical services it rendered," any "[d]isputes over the amount of reimbursement" do not set forth claims for benefits subject to ERISA preemption. *East Coast Advanced Plastic Surgery v. AmeriHealth*, Civ. A. No. 17-8409 (SDW), 2018 WL 1226104, at *3 (D.N.J. Mar. 9, 2018).

Here, plaintiff asserts promissory estoppel and unjust enrichment claims based on its reliance on an alleged promise to pay implied in the pre-authorization telephone calls. Plaintiff characterizes these claims as challenging the amount of reimbursement it received from BCBSTX, not its right to coverage under the plan. Whether plaintiff can successfully establish an implied contract or other understanding between itself and defendants remains to be seen, but plaintiff is the master of its complaint and it has chosen to pursue recovery in its own right based on a series of pre-authorization telephone calls it made to BCBSTX. As such, the Court cannot construe the complaint as setting forth colorable claims for recovery of benefits under ERISA. *See id.*; *East*

7

*Coast Advanced Plastic Surgery v. Horizon Blue Cross Blue Shield of N.J.*, Civ. A. No. 18-7718 (KM), 2018 WL 6178869, at *4-5 (D.N.J. Nov. 26, 2018); *Atl. Shore Surgical Assocs. v. Local 464A United Food & Commercial Workers Union Welfare Fund*, Civ. A. No. 17-12166 (MAS), 2018 WL 3611074, at *3 (D.N.J. July 27, 2018).

Defendant's argument that such promissory estoppel and unjust enrichment claims may be brought under ERISA's civil enforcement provision misses the mark. The cases cited by defendant indeed recognize the existence of promissory estoppel and unjust enrichment theories of recovery under ERISA, but they do so in the context of plaintiffs seeking *recovery of benefits* under an ERISA plan. *See, e.g., Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 209 (3d Cir. 2004); *In re New Valley Corp.*, 89 F.3d 143, 153 (3d Cir. 1996). As discussed, that is not the case here, and, in any event, the plan's anti-assignment clause bars plaintiff from obtaining standing to pursue claims, equitable or otherwise, under § 502(a).

Having determined that defendant has not established either element of the first prong of the *Pascack* test, the Court need not reach the second prong. Plaintiff's state law claims for promissory estoppel and unjust enrichment are not preempted by ERISA, and this Court lacks subject matter jurisdiction to hear them.

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's motion to remand be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and

Recommendation to serve and file specific objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated:   June 11, 2019

*Leda D. Wettre*

Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:   Clerk of Court
cc:   Hon. Susan D. Wigenton, U.S.D.J.
   All parties