NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EAST COAST ADVANCED PLASTIC SURGERY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF TEXAS, EASTERN CONCRETE MATERIALS INC., JOHN AND JANE DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>Defendants. | Civil Action No. 19-6175 (SDW) (LDW)<br><br>**ORDER**<br><br>July 16, 2019 |

**WIGENTON**, District Judge.

Before this Court is Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Report and Recommendation ("R&R"), issued on June 11, 2019, which recommends that Plaintiff East Coast Advanced Plastic Surgery's ("Plaintiff") Motion to Remand be granted. (ECF No. 11.) Defendant Eastern Concrete Materials, Inc. ("Defendant") timely objected to the R&R on June 25, 2019. (ECF No. 12.)

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(3). The Court has reviewed the R&R and record in this matter, and agrees with Judge Wettre's analysis and conclusions.

A claim is completely pre-empted and removable under § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA") "only if: (1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (citing *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004)). Some courts have

> further disaggregated the first prong . . . into two inquiries:
>
> 1(a) Whether the plaintiff is the *type* of party that can bring a claim pursuant to Section 502(a)(1)(B), and
>
> 1(b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B).

*Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017) (citations omitted). This two-part analysis, commonly referred to as the *Pascack* test, is "conjunctive, [and] a state-law cause of action is completely preempted only if both of its prongs are satisfied." *N.J. Carpenters*, 760 F.3d at 303 (citation omitted).

As discussed in Judge Wettre's R&R, the health plan at issue contains a valid anti-assignment provision, and "Plaintiff did not obtain derivative standing such that it could have brought an ERISA claim under § 502[.]" (R&R at 5-7.) Furthermore, the Complaint "asserts promissory estoppel and unjust enrichment claims based on [Plaintiff's] reliance on an alleged promise to pay implied in . . . pre-authorization telephone calls." (R&R at 7.) Contrary to Defendant's objection that the Complaint "merely allege[s] preauthorization was not required" and that the pleading does not support any other promise to pay, (Def.'s Obj. to R&R at 2-3, ECF No. 12), this Court notes that the Complaint alleges that a defendant implied over the phone that

"Plaintiff would be paid the fair and reasonable value of the medically-necessary services Plaintiff was to provide." (Compl. ¶ 16, ECF No. 1-1.) Though Defendant's objections are noted, ultimately, the *Pascack* test has not been satisfied.

Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that Judge Wettre's R&R, issued on June 11, 2019, (ECF No. 11) is **ADOPTED** as the conclusions of law of this Court.

**SO ORDERED**.

s/ Susan D. Wigenton, U.S.D.J.

Orig: Clerk
cc: Parties
     Magistrate Judge Wettre